MICHELE BECKWITH
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 16275 COLLINS AVENUE, UNIT 2601, SUNNY ISLES BEACH, FLORIDA, MIAMI-DADE COUNTY, FOLIO NUMBER: 31-2214-033-0210, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 2:24-CV-00691-TLN-JDP<br><br>STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |

　　　The United States and claimant Donna Gillum hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal case, *United States v. Matthew Gillum*, Case No. 2:25-CR-0053-TLN.

　　　1.　　　This is a forfeiture *in rem* action against a luxury condominium in Miami, Florida (the "Miami Condo") because the Miami Condo was allegedly purchased with drug proceeds that were allegedly laundered in violation of federal drug and money laundering laws.  Donna Gillum, as Trustee of the MG Protection Trust, filed a claim asserting an ownership interest in the defendant Miami Condo.

　　　2.　　　The parties jointly request the matter be stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).  The United States contends that the defendant Miami Condo

represents proceeds of drug sales in violation of 21 U.S.C. § 841, as well as involved in money laundering in violation of 18 U.S.C. §§ 1956-57. Claimant denies these allegations.

3. To date in the companion criminal case, Matthew Gillum has been charged with federal crimes related to a series of money laundering transactions involving the proceeds of illegal drugs, *United States v. Matthew Gillum*, Case No. 2:25-CR-0053-TLN. The United States intends to depose the claimant (and others) regarding their ownership of the defendant Miami Condo, as well as their knowledge and participation in Matthew Gillum's alleged crimes involving the defendant Miami Condo. If discovery proceeds at this time, claimant will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant Miami Condo or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Federal Bureau of Investigation ("FBI"). Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

5. The parties recognize that proceeding with these actions has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal case. At that time, the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated: 5/21/2025         MICHELE BECKWITH
                         Acting United States Attorney

                  By:    /s/ Kevin C. Khasigian
                         KEVIN C. KHASIGIAN
                         Assistant U.S. Attorney

Dated: 5/19/2025         /s/ David Blair
                         DAVID BLAIR
                         Attorney for claimant Donna Gillum
                         (Signature authorized by email)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal case, *United States v. Matthew Gillum*, Case No. 2:25-CR-0053-TLN.  The parties shall file a joint status report within thirty days of the conclusion of the parallel criminal case, or as the Court deems appropriate.

IT IS SO ORDERED

Dated: May 22, 2025

_____
Troy L. Nunley
Chief United States District Judge